# Highland Avenue & Belt Railroad Co. *v.* Dusenberry.

*Action for Damages against Employer, by Administrator of Deceased Employe.*

1. *Sufficiency of complaint; ambiguity and uncertainty in averments of negligence.*—In an action for damages against a railroad company, by the administrator of a person who was killed while in its employment as a section-hand (Code, §§ 2590-91), a count is demurrable for ambiguity and uncertainty, and for the improper joinder of causes of action, which alleges that the injury was caused (1) by the gross negligence of the foreman of the two hand-cars, in running at a reckless rate of speed, and in too close proximity; (2) by the negligence of some person who had charge of the rear car; (3) by the defective condition of one or both of the cars, which defect had arisen from, or had not been discovered or remedied owing to the negligence of the defendant, or of some person in its service who was intrusted with the duty of seeing that the machinery, &c., was in proper condition; and (4) by the negligence of some person or persons in the defendant's service who had the superintendence of the moving of the rear car, and while in the exercise of such superintendence.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

[Highland Avenue & Belt Railroad Co. v. Dusenberry.]

This action was brought by H. F. Dusenberry, as the administrator of the estate of William Johnson, deceased, against the appellant corporation, to recover damages for the alleged negligence which caused the death of the intestate. The evidence on the trial showed that the deceased was in the employment of the defendant as a section-hand, when he was killed, being one of a gang of seven or eight who were under the control of one Hicks as foreman; that on the evening of November 16, 1889, during a driving rain, they were coming into town on two hand-cars, Hicks and the deceased being on the front car, when it ran into a horse and wagon, whose driver was attempting to cross the track; that the collision threw the deceased backward out of the car, and the rear car then ran over and killed him.

The 4th count of the complaint, on which alone the trial was had, was in these words: "Plaintiff avers that on," &c., "his intestate was an employé of said defendant as a section hand on said road, and as such was rightfully on one of the defendant's hand-cars, at" &c.; "and while so riding, and engaged in the line of his employment, another car was being run and moved over and along said line of road, each of said cars being under the superintendence and control of the foreman in charge, and running at a high and reckless rate of speed, to-wit, twenty miles an hour, and in close and reckless proximity to each other, to-wit, fifty feet; so that, by the carelessness and gross negligence of the foreman in charge, in directing or allowing said cars to run at such a high rate of speed, and in such close proximity to each other, the same collided, or the rear car ran into the front car, throwing or knocking said intestate between said cars, so that he died on," &c., "from said injuries. And plaintiff further avers, that said injuries were caused by reason of the negligence of some person or persons in the service or employment of the defendant, who, at the time of said injuries, had the charge or control of the running, moving or operating of said rear car; and plaintiff further avers, that one or both of said cars were in a worn or defective condition, that the brakes or cogwheels of one or both of said cars were in a bad and defective condition, and that the said injuries were caused by reason of the defect in the condition of the ways, works, machinery or plant connected with or used in the business of the master or employer, and said defect herein mentioned arose from, or had not been discovered or remedied owing to the negligence of the master or employer, or of some person in the service of the master or employer, and intrusted by him with the duty of seeing that the ways, works, machinery or plant were

in proper condition; that the defects aforesaid were known to, or could have been known to said defendant by the exercise of reasonable diligence. And plaintiff further avers, that said injuries were caused by reason of the negligence of some person or persons in the service or employment of the defendant, who had the superintendence of the moving or running of said rear car intrusted to them at the time of said injuries, and whilst in the exercise of such superintendence. And plaintiff further avers that his intestate, had he lived, could have maintained an action against defendant for said injuries."

The defendant demurred to this count, (1) for misjoinder of actions, (2) for improper joinder of different causes of action, and (3) because it is uncertain and ambiguous. The court overruled the demurrer, and its judgment thereon is assigned as error.

ALEX. T. LONDON, for appellant, cited *Andrews v. Flack*, 88 Ala. 294; *Munter v. Rogers*, 50 Ala. 283; *Railroad Co. v. Willlams*, 53 Ala. 595; *Leach v. Bush*, 57 Ala. 145.

WHITAKER & WHITAKER, contra, cited *L. & N. Railroad v. Coulton*, 86 Ala. 129; *C. & W. Railroad Co. v. Bradford*, 86 Ala. 574; *Government Street Railroad v. Hanlon*, 53 Ala. 71; 86 Ala. 205.

WALKER, J.—Demurrers to the three counts contained in the original complaint having been sustained, a fourth count was added by amendment. This count avers, in substance, that on the 16th day of November, 1889, the plaintiff's intestate was an employé of the defendant as a section-hand on its railroad, and as such employé was rightfully on one of the defendant's hand-cars, and while he was riding on the same, and engaged in the line of his employment, another hand-car was being run and moved over and along said line of road, each of said cars being under the superintendence and control of the foreman in charge, and running at a high and reckless rate of speed, and in close and reckless proximity to each other, so that by the carelessness and gross negligence of the foreman in charge, in directing or allowing said cars to run at such a high rate of speed, and in such close proximity the one to the other, the same collided, or the rear car ran into the front car, throwing or knocking plaintiff's intestate between said cars, and thereby inflicting injuries from which he died. The portion of the complaint just summarized states a cause of action based upon the carelessness and

gross negligence of the foreman as the person having the superintendence and control of both hand-cars.

But the complaint does not stop here. Immediately following the averments already mentioned, there are additional allegations to the effect, that said injuries were caused by reason of the negligence of some person or persons in the service or employment of the defendant, who, at the time of said injuries, had the charge or control of the running, moving or operating of the rear hand-car; and that one or both of said hand-cars were in a defective and worn condition, that the brakes or cog-wheels to one or both of said cars were in a bad and defective condition, and that said injuries were caused by reason of the defect in the condition of the ways, works, machinery or plant connected with or used in the business of the master or employer, and said defect arose from, or had not been discovered or remedied owing to the negligence of the master or employer, or of some person in the service of the master or employer and intrusted by him with the duty of seeing that the ways, works, machinery or plant were in proper condition; that the defects aforesaid were known to, or could have been known to the defendant, by the exercise of reasonable diligence; and that said injuries were caused by reason of the negligence of some person or persons in the service or employment of the defendant who had the superintendence of the moving of said rear hand-car intrusted to them at the time of said injuries, and whilst in the exercise of such superintendence. The result of the allegations is, that the death of the plaintiff's intestate is in one count successively attributed (1) to the gross negligence of the foreman in charge or control of both hand-cars; (2) to the negligence of some person or person in charge or control of the running, moving or operating of the rear hand-car; (3) to the defective and worn condition of one or both of the hand-cars, which defect had arisen from, or had not been discovered or remedied owing to the negligence of the defendant, or of some person in its service who was intrusted by it with the duty of seeing that the ways, works, machinery or plant were in proper condition; and (4) to the negligence of some person or persons in the service or employment of the defendant who had the superintendence of the moving of the rear car, whilst in the exercise of such superintendence.

We do not construe the complaint to charge that the several acts of negligence were concurrent co-operating causes, and that all of them together contributed to the alleged injury, so that each specification is to be regarded as an in-

tegral feature in the description of the mode in which the injury was inflicted. If that construction could be put upon the complaint, the plaintiff would be in the position of having stated his case with unnecessary particularity, and he would not be entitled to recover unless his proof made out the case with equal particularity of description. *Smith v. Causey*, 28 Ala. 655; *L. & N. R. R. Co. v. Johnston*, 79 Ala. 436; *C. B. & Q. R. R. Co.*, 88 Ill. 431; *L. & N. R. R. Co. v. Coulton*, 86 Ala. 129; 1 Greenl. Ev. §§ 57 *et seq*. Here, the several specifications of negligence are stated as disconnected defaults, and each one of them seems to be put forward as a separate ground of liability, independent of the others.

In *Louisville & Nashville R. R. Co. v. Coulton, supra*, the injury complained of was attributed solely to the defective condition of the brakes on a train; but it was charged that the defendant was negligent in several ways in reference to the condition of said brakes. The averments in this regard were construed to be cumulative charges of several independent acts of negligence; and, no demurrer to the complaint having been interposed, it was held that a judgment on the complaint should be affirmed, though there was an absence of proof to sustain one of the cumulative charges or averments. In that case, the court was careful to call attention to the fact that no demurrer to the complaint had been interposed. No judgment can be arrested, annulled or set aside, for any matter not previously objected to, if the complaint contains a substantial cause of action.—Code, § 2835. It was plain in that case, that a good cause of action was stated, and the cumulative charges of negligence could have been stricken out and the complaint would have remained amply good. The averment which was not proved was not incorporated as a part of the description of the cause of action which was sustained by the evidence.

In the present case, several distinct breaches of duty, each constituting an independent cause of action, are alleged in one count. Neither of the specifications of negligence could be stricken out, or disregarded as surplusage, or as immaterial or impertinent matter; for each of them is an essential part of one of several causes of action, upon either of which as well as upon another the plaintiff may rely. Nor can that which is one count in form be treated as several independent counts which could be pleaded to separately; for the averments are linked together in one continuous narrative, the several allegations of negligence are all made in connection with and in reference to a single statement of the

14

[Highland Avenue & Belt Railroad Co. v. Dusenberry.]

fact of injury; the circumstance of the death of the plaintiff's intestate is averred only once, but the defendant's liability therefor is rested upon several independent grounds, stated distributively. A cause of action is shown by coupling the averment of injury with either of the specifications of negligence; yet the allegations as to the several independent breaches of duty are so mingled together that they can not be singled out and met separately, but issues must be made upon all of them at once by any single plea which would answer the whole of the one count of the complaint. If the plaintiff is entitled to a recovery upon proof of only one of the causes of action, then equally substantive averments in the same count are ignored, and the practical effect is to treat the several averments of breaches of duty as if they were made in the alternative, so that the plaintiff may select any one of them and not abandon the rest, though, as they are all in one count, they must all be met by the same plea or pleas.

Alternative averments of matters of substance are destructive of all certainty in the formation of definite issues for trial. The prime object of the successive steps in pleading, under our system, is to evolve such issues so that they may be presented pointedly and distinctly. If, on the other hand, the proof must sustain all the specifications of negligence, the result is to require proof of several independent causes of action, to sustain one recovery. It is quite usual in actions for torts, where a single act or transaction is complained of as the cause of the alleged injury, to insert several counts stating that act in varying shapes to meet different phases of the proof as it may be developed, and to charge in the successive counts different breaches of duty as separate grounds of recovery. Each count is treated as the statement of a distinct cause of action, and appropriate issues may be pleaded to them severally.—*Maupay v. Holley*, 3 Ala. 103. The separation into counts serves the double purpose of supplying apt averments to meet varying phases of proof, and at the same time presenting material issues singly and not jumbled together. Under our system, "all pleadings must be as brief as is consistent with perspicuity, and the presentation of the facts, or matter to be put in issue, in an intelligible form; no objection can be allowed for defect of form, if facts are so presented that a material issue in law or fact can be taken by the adverse party thereon."—Code, § 2664. It can not be said of a complaint that it is perspicuous, or that it presents the facts in an intelligible form so that a material issue may be taken thereon by the defendant, unless it con-

[Highland Avenue & Belt Railroad Co. v. Dusenberry.]

tains a clear and distinct statement of the facts which constitute the cause of action, so that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who is to give judgment.—1 Chitty on Pleading (16 Am. Ed.) 256. When the complaint states a good cause of action, it is not subject to demurrer because of redundant allegations which could be stricken out as surplusage, or because part of the damages claimed are not recoverable. The pleading is not vitiated by the insertion of merely irrelevant or impertinent matter.—*Kennon v. West. Un. Tel. Co.*, 9 So. Rep. 201; 92 Ala. 399; *L, & N. R. R. Co. v. Hall*, 91 Ala. 112; *Government St. R. Co. v. Hanlon*, 53 Ala. 70; *Montgomery Man. Co. v. Thomas*, 20 Ala. 473; *Perry v. Marsh*, 25 Ala. 659. But, when the plaintiff, in a single count, shifts his right of action from one ground to another, and states several breaches of duty in the alternative, or disjunctively, so that it is impossible to say upon which of several equally substantive averments he relies for the maintenance of his action, then there is such confusion and obscurity as to the ground upon which a recovery is claimed that the defendant is not clearly informed of the matter to be put in issue; and a count so substantially variant and contradictory in its allegations is demurrable —*Andrews v. Flack*, 88 Ala. 294; *Munter v. Rogers*, 50 Ala. 283.

In the present case, a plea of contributory negligence on the part of the plaintiff's intestate, though it would present a good defense to several of the causes of action stated, yet would, perhaps, be insufficient as an answer to the whole count, because one of the separable grounds of recovery is the alleged gross negligence and recklessness of the foreman in charge of the two hand-cars. Likewise, a plea setting up a state of facts which would relieve the defendant of liability for the alleged injury if it was caused by reason of a defect in machinery, would not be a good answer to the count, because it would not meet other issues wholly foreign to this one. In short, if several independent causes of action may be so joined in one count that they may be regarded either as stated in the alternative or as putting upon the plaintiff the burden of proving averments which are not joined together as parts of the description of a single transaction, then the defendant is put to the answer of a multiplicity of equally material issues at once, and no steps in pleading can reduce the contention of the parties to a single material issue. Inextricable confusion of issues would result from the blending in one count of a number of distinct breaches of duty as in-

[Pollak v. Harmon.]

dependent grounds of recovery, to be chosen from and relied on at the election of the plaintiff. Perspicuity and certainty in his pleadings are not exacted of the plaintiff, if he is permitted to put forward in one count several independent causes of action, stated in such ambiguous terms as to leave the defendant wholly in doubt as to what alleged breach of duty is really made the ground of the charge of liability. The defendant is entitled to be clearly and distinctly informed of the facts relied upon as the basis of recovery against him. The count which was added by amendment in this case was uncertain and ambiguous in stating several independent causes of action without disclosing which one was relied upon to support the plaintiff's claim, and the demurrer pointing out the defects in the complaint should have been sustained.

Reversed and remanded.