# B'ham Ry. L. & P. Co. *v.* Nicholas.

*Injury to Person on Track.*

(Decided February 13, 1913.   61 South. 361.)

1. *Pleading; Separate Causes of Action.*—A plaintiff may join two or more causes of action in the same complaint, but not in the same count.

2. *Same.*—A plaintiff cannot join in a single count in an uncer-tain manner two or more distinct causes of action in order to hit some possible cause of action that he may be able to prove at the trial, as a defendant has the right to be informed of the particular cause of action for which he is sought to be held liable.

3. *Same; Form; Alternative Allegations.*—Alternative allegations are allowable where each alternative of itself states a good cause of action or ground of defense, but this rule does not allow the state-ment in pleading of material allegations in the alternative which are inconsistent with each other.

4. *Same; Alternative and Disjunctive.*—Counts of a complainant against a street railway company for personal injury which leave it uncertain whether the plaintiff was a passenger, or merely entitled to the care and protection as a passenger; whether a trespasser or licensee; whether at the station as a passenger, or only near it with

the intention of becoming a passenger; whether on the track when injured or only near the track, and if only near, how near; whether near enough to the track to be struck by a car, or only near enough to be frightened and caused to fall, was subject to special demurrer because of alternative and disjunctive averments.

5. *Same.*—Material allegations in a count alleged in the alternative or disjunctive, some of which do not state a good cause of action, rendered the count bad under the rule that pleading in the alternative is no stronger than its weakest alternative, and if one of the alternatives fails to state a cause of action, the pleading falls.

6. *Same; Persons Near Track.*—A count for personal injuries by wanton negligence, if it alleged that plaintiff was on a public street or thoroughfare, was rendered bad, by the additional averment "or other crossing," since it was possible, under such allegation, that plaintiff was on a way or place not used by the public, and so was a trespasser.

7. *Same.*—The use of the word "near" relating to dangerous agencies, if accompanied by the qualifying word "negligently" or "dangerously," with averments of knowledge of the danger on account of the proximity, is good pleading; but when used alone with "at, on, or under," a dangerous agency. it is bad as an alternative, for to say that a person is on a railroad crossing implies a dangerous place, but that he is at or near such crossing does not necessarily imply a dangerous place, since he may be a distance of from one to fifty feet.

8. *Same; Proof and Variance; Place.*—To avoid a possible variance between the allegations of proof of place, the pleader should allege different places in different counts, and not by disjunctive or alternative averments in the same count.

9. *Same; Conclusions.*—The count alleging that plaintiff was at a certain time at or near defendant's station, where there was a public street, thoroughfare or crossing, and that defendant's motorman, knowing of her peril, negligently and wantonly ran a car over the crossing, and against or so near plaintiff that she was knocked or caused to fall into a culvert, states a mere conclusion, and was not good as a count for wanton injury.

10. *Same; Definition.*—Pleading is nothing more than affirming or denying in an orderly and proper manner the facts which constitute the ground of plaintiff's cause of action, and of a defendant's defense.

11. *Same; Construction.*—A pleading will always be construed most strongly against the pleader.

12. *Street Railways; Rights of Pedestrian; Crossing Track.*—All persons have a right to cross a railway track at a proper crossing, or otherwise, but they have no right to loiter thereon nor use the track as a pathway longitudinally, unless the track is laid at grade in a public highway so as to form a part thereof.

13. *Same; Complaint; Negativing Trespass.*—A count averring that plaintiff was near defendant's station for the purpose of taking passage on one of its cars, and was struck by one of its cars, running at a speed prohibited by the city ordinance, but which does not attempt to allege that plaintiff was crossing the track, or was in a

public highway, fails to negative the fact that plaintiff was walking along or loitering upon the track, or attempted to board the car while it was in motion at a high rate of speed, and hence, shows that plaintiff was a trespasser under the rule of construing pleading against the pleader.

14. *Same; Persons Near Track; Showing Negligence.*—A count averring that the point at which plaintiff was injured was where a public thoroughfare or other crossing crossed its track, and that plaintiff was standing at the crossing, and that defendant's car was negligently run so close to her as to cause her to fall into a culvert, but which does not allege that she was rightfully at that place, fails to show any breach of duty owing plaintiff by defendant.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Lucinda Nicholas against the Birmingham Railway, Light & Power Company for damages for personal injury. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following are the counts of the complaint referred to in the opinion:

"(4) Plaintiff claims of defendant $10,000 as damages for that heretofore, on, to wit, August 2, 1911, defendant was a common carrier of passengers for hire and reward, operating electric cars for such purpose in Jefferson county, Ala. And plaintiff avers that at the time aforesaid in, to wit, the town of Brighton, a municipal corporation, in said county and state, she was at or near a regular station or stopping place of defendant, where defendant's cars were accustomed to stop for the purpose of taking on and letting off passengers, and that she was at or near such station for the purpose of taking passage on one of defendant's cars. And plaintiff avers that there was at said time a valid ordinance of the said town of Brighton, making it unlawful for cars to run within the corporate limits of said town at a greater rate of speed than six miles per hour, and that at the said time and place, which was within the corporate limits of the said town of

Brighton, one of defendant's cars was running at a greater rate of speed than six miles per hour in violation of said ordinance, and that as a proximate consequence of such greater speed than six miles per hour of the said car the plaintiff was run into and knocked down by the same, and as a proximate consequence received great personal injuries, suffered great physical pain and mental anguish to her damage aforesaid, and was put to great expense for doctor's services and medicines, and was permanently made less able to work and earn a livelihood to her damage as aforesaid, for which she sues."

(7) Same as 4 down to and including "Jefferson county, Ala.," and adds: "And plaintiff avers that she was at the time and place aforesaid at or near the defendant's car track at or near East Brighton station on defendant's line at a point where a public street or thoroughfare or crossing of said town, which was constantly used by a large number of people in passing to and fro at this point, crossed the same, and the plaintiff says that the motorman in charge of said car knew of plaintiff's position of peril, yet notwithstanding such knowledge, ran the said car with wanton negligence at a high and dangerous rate of speed over the said crossing, and against or so near to the plaintiff that she was knocked or thereby caused to fall into a ditch or culvert, as a proximate consequence of which she received great personal injuries, suffered physical pain and mental anguish, was made sick and sore, put to great expense for doctor's services and medicines, and nurse's hire in and about the curing and care of her said injuries, and was permanently disabled and disfigured, all as a proximate consequence of the wanton negligence of the motorman in charge of said car as aforesaid."

"(8) Plaintiff claims of defendant $10,000 damages for that heretofore, on, towit, the 2d day of August, 1911, the defendant was a common carrier of passengers for hire and reward, operating cars propelled by electricity for such purpose in the town of Brighton, a municipal corporation, in Jefferson county, state of Alabama. And plaintiff says that at the time and place aforesaid she was standing at or near the defendant's car track at or near East Brighton on defendant's line at a point where a public thoroughfare or street or other crossing crossed the said track, and that said thoroughfare or street or crossing was constantly and continuously used by a large number of people passing to and fro across the said track at said point. And plaintiff avers that, while she was so standing at the said time and place, the defendant negligently ran one of its cars against or so near to the plaintiff at said street, or thoroughfare, or crossing, at a high and dangerous rate of speed, that plaintiff was thereby knocked or caused to fall into a culvert or ditch, as a proximate consequence of which she received great personal injuries, has suffered great physical and mental anguish, and was disabled for a long time from working and earning money, and has been permanently made less able to work and earn money, was made sick and sore, and has been put to great expense for doctor's services, medicines, nurse's hire, and proper diet, all as a proximate consequence of the negligence of the defendant in negligently running its said car against or near the plaintiff at a high and dangerous rate of speed at said crossing aforesaid, for which she sues."

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The court erred in overruling demurrers to count 4 of the amended complaint.—*L. & N.*

*v. Holland,* 164 Ala. 73; *Ensley R. Co. v. Chewning,* 93 Ala. 25; *B. R., L. & P. Co. v. Fox,* 56 South. 1013; *Rice v. So. Ry.,* 56 South. 587; *Simerman v. Hill C. C. Co.,* 54 South. 426; *N. B'ham Ry. Co. v. Liddicoat,* 99 Ala. 545; *B. R., L. & P. Co. v. McGinty,* 158 Ala. 410; *G. & A. U. Ry. Co. v. Julian,* 133 Ala. 371; *Montgomery v. A. G. S.,* 97 Ala. 305; *Elwell's Case,* 144 Ala. 317; *Jones' Case,* 153 Ala. 160; *A. G. S. v. Godfrey,* 156 Ala. 220, and cases there cited. Count 7 was also subject to the demurrer interposed.—*Gordon v. T. C. I. & R. R. Co.,* 164 Ala. 203; *B. R., L. & P. Co. v. Fox, supra; Herren v. Tuscaloosa W. W. Co.,* 40 South. 55; *B. R., L. & P. Co. v. Brown,* 150 Ala. 327; *Neyman v. A. G. S.,* 55 South. 509; *So. Ry. v. Prather,* 119 Ala. 588; *L. & N. v. Mitchell,* 134 Ala. 265; *C. of Ga. v. Freeman,* 134 Ala. 354; *So. Ry. v. Weatherlow,* 153 Ala. 172; *So. Ry. v. Stewart,* 164 Ala. 171, and authorities supra. On these same authorities, count 8 must be held bad. The court erred in sustaining demurrers to the pleas of contributory negligence.—*So. Ry. v. Weatherlow, supra.* The oral charge of the court was error.—*L. & N. v. Calvert,* 54 South. 184; *So. Ry. v. Stewart, supra.*

GOODWYN & ROSS, for appellee. The court properly overruled demurrers to count 4.—*Ala. C. C. & I. Co. v. Cowden,* 56 South. 984; *L. & N. v. Holland,* 55 South. 1001; *Ensley Ry. Co. v. Chewning,* 9 South. 458. Count 7 was not subject to the demurrers interposed.—*A. G. S. v. Williams,* 37 South. 255; *Ga. Pac. v. Ross,* 14 South. 282; *L. & N. v. Calvert,* 54 South. 184; *Pos. Tel. Co. v. Jones,* 133 Ala. 217. Count 8 was not subject to the demurrers interposed.—Authorities next above and *Armstrong v. Mont. St. Ry.,* 123 Ala. 233. There was no error in sustaining demurrer to the pleas of contributory negligence, as they were addressed to the whole

complaint and some of the counts charged wantonness. —*M. & C. R. R. Co. v. Martin,* 23 South. 231; *So. Ry. v. Weatherlow,* 44 South. 1019. The court correctly defined wanton negligence in its oral charge.—*M. & C. R. R. Co. v. Martin, supra;* s. c. 30 South. 827; *C. of Ga. v. Foshee,* 125 Ala. 199. The court properly instructed that the burden was upon defendant to prove its special plea.—*McFarland v. Dawson,* 125 Ala. 433; 16 Cyc. 928. Counsel discuss other refused charges, in the light of the above authorities, and insist that the court was without error in its action thereon.

MAYFIELD, J.—Appellee sued appellant to recover damages for personal injuries. The wrongful act alleged is that appellant's motorman ran a car against or so near to plaintiff that she was knocked, or thereby caused to fall, into a ditch or culvert. In two counts the wrong was alleged to be due to simple negligence, and in the other it is denominated wantonness.

The place of the injury—that is, the locus in quo— is alleged to be at or near East Brighton station, on defendant's car line, at or near the defendant's car line, at a point where a public street or thoroughfare crossed the same. In one count (count 4) it is alleged that plaintiff was at this point for the purpose of taking passage on one of defendant's cars. In the other counts it is not alleged for what purpose plaintiff was at this point. In no count is it alleged that plaintiff was on the track or in dangerous proximity thereto, except inferentially, according to an alternative that the car struck her. According to the other alternative, she may have been at safe distance from the track, but, on account of fright was caused to fall into the ditch or culvert. In none of the counts is it made certain whether plaintiff was walking along or near to the defendant's

car track, or whether she was crossing it, or whether she was traveling along the public street or thoroughfare, or whether she was merely crossing such street or thoroughfare, or whether she was standing still, or was loitering on or at the crossing of the street car track and the street or thoroughfare. It is not made to appear whether the street car track is laid along so as to form a part of the street or thoroughfare, or whether it merely crosses the street or thoroughfare. While it is alleged that there is a crossing of the street car track and the street, it is not alleged whether the crossing is at grade, or above or below grade. In other words, it is left wholly to conjecture whether the plaintiff was a trespasser on or near the defendant's track at the time of the injury. The allegations to show this fact are extremely indefinite and uncertain. Some of the alternative allegations, standing alone, clearly show that she was a trespasser at the time of the injury, while others leave it in doubt whether she was a trespasser or was rightfully at the place where she was injured.—Mr. Gould, Pleading, § 51, p. 80, says: "An important requisite in all pleading is certainty. This requisite implies that the matter pleaded must be clearly and distinctly stated, so that it may be fully understood by the adverse party, the counsel, the jury, and the judges, and especially (as regards the declaration) that the defendant may be enabled to plead the judgment, which may be rendered in the cause, in bar of any subsequent action for the same cause; for if a vague or partial description of the matter in controversy, in a given case, were allowed, and in a subsequent suit of the same thing the declaration should contain a full and precise description of it, the cause of action, though actually the same in both cases, would not appear from a comparison of the two records to be so."

[B'ham Ry. L. & P. Co. v. Nicholas.]

The object and purpose of good pleading is to dis-
close, and not to conceal, the real issue to be tried.  The
rules of pleading are to be tested, as well as dictated,
by good sense and sound logic.  The science of plead-
ing is only a means for obtaining the ends of justice.
Attempts to evade or conceal the real issue, or attempts
to stifle justice in the webs of form, each merits no
more countenance than the underlying rules of law com-
pel the court to accord.  It would be a deplorable con-
dition of the law of pleading if the plaintiff could file
a count or a complaint good against all proper or appro-
priate grounds of demurrer, yet leaving it impossible
for the defendant or the court to know of what par-
ticular wrong or injury the plaintiff complains.  While
a plaintiff, under our system of pleading, may join two
or more causes of action in several separate counts, he
cannot so join them in one count.  A plaintiff is not al-
lowed, against an appropriate demurrer, in a single
count, to allege in a doubtful and uncertain manner two
or more distinct and incongruous causes of action, in
order to hit some possible cause of action that he may
be able to prove on the trial.  The defendant has the
right to be informed of the particular cause of action
for which he is sought to be held liable in each count.

At common law alternative averments were not al-
lowed in civil or criminal cases, and some courts held
that the error was not cured by a verdict.  But a dif-
ferent rule has long prevailed in this state; in fact, we
have a statute expressly allowing certain alternative
averments in indictments.—Cr. Code, §§ 7149-7152.  A
similar rule of pleading in civil cases has been allowed,
when each alternative, of itself, states a good cause of ac-
tion or ground of defense; but the rule has never been
extended in this state so as to allow the statement of
material allegations in the alternative, which are in-

consistent each with the other—that is, to allow one alternative to state one cause of action, and the other to state an entirely different cause of action. In *Dusenberry's Case*, 94 Ala. 418, 419, 10 South. 274, 276, it is said: "Alternative averments of matters of substance are destructive of all certainty in the formation of definite issues for trial. The prime object of the successive steps in pleading under our system is to evolve such issues so that they may be presented pointedly and distinctly. * * * Under our system, 'all pleadings must be as brief as is consistent with perspicuity, and the presentation of the facts, or matter to be put in issue, in an intelligible form; no objection can be allowed for defect of form, if the facts are so presented that a material issue in law or fact can be taken by the adverse party thereon.'—Code, § 2664. It cannot be said of a complaint that it is perspicuous, or that it presents the facts in an intelligible form, so that a material issue may be taken thereon by the defendant, unless it contains a clear and distinct statement of the facts which constitute the cause of action, so that they may be understood by the party who is to answer them, by the jury, who are to ascertain the truth of the allegations, and by the court, who is to give judgment.—1 Chitty on Pleading (16th Am. Ed.) 256. * * * When the plaintiff, in a single count, shifts his right of action from one ground to another, and states several breaches of duty in the alternative, or disjunctively, so that it is impossible to say upon which of several equally substantive averments he relies for the maintenance of his action, then there is such confusion and obscurity as to the ground upon which a recovery is claimed that the defendant is not clearly informed of the matter to be put in issue; and a count so substantially variant and contradictory in its allegations is demurrable.

*Dusenberry's Case* has been explained, if not qualified, to this extent. In *Mothershed's Case,* 97 Ala. 265, 12 South. 718, it is said: "It is argued that under the rule declared in *Highland Avenue & Belt R. R. Co. v. Dusenberry,* 94 Ala. 413, 10 South. 274, that the complaint and each count thereof was defective, and that the court erred in overruling the demurrer. There may be some expressions in the *Duesnberry Case* which apparently sustain this contention, but regard must be had to the character of the complaint then under consideration. The pleader had united in the same count causes of action arising under different subdivisions of section 2590, and some of the averments were made disjunctively. It was not held that where the several causes averred and relied upon for a recovery arose under the same subdivision were stated separately, but not disjunctively, and each averment contained a substantive cause of action, such a count was demurrable. A count of this character fully informs the defendant that each substantive averment is relied upon, and he may prepare his defense accordingly. Proof of either will authorize a recovery." In *McNamara v. Logan,* 100 Ala. 194, 14 South. 177, it is said: "The complaint is not offensive to the principles declared in *H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 413 [10 South. 274]. * * * There is no conjunctive or disjunctive averment of several causes of action in one count, but the averment of one cause of action—the negligence of the defendants whereby defects producing the injury existed in their ways, works, machinery, and plant."

In *Hughes' Case,* 144 Ala. 608, 609, 42 South. 39, 40, it is said: "While, under our system of pleading as well as under the common law, counts for distinct and independent torts of the same nature, and upon all of which the same judgment was to be given, could be join-

ed in separate counts in the same action, there is no law permitting the plaintiff to unite in one count several torts constituting distinct and separate causes of action.—*A. G. S. R. R. Co. v. Shahan,* 116 Ala. 302 [22 South. 509]; *L. & N. R. R. Co. v. Cofer,* 110 Ala. 491, 18 South. 110; *Railroad Co. v. Dusenberry,* 94 Ala. 413 [10 South. 274]; *Offield v. Wabash R. R. Co.,* 22 Mo. App. 607; *S. A. & M. Ry. v. Buford,* 106 Ala. 303 [17 South. 395]." In *Bunt's Case,* 131 Ala. 591, 594, 32 South. 507, 508, it is said: "The fifth count as originally framed was demurred to and demurrer confessed, and thereupon it was amended, and, as amended, it averred that 'the engineer of said engine wantonly or intentionally caused or allowed said engine to propel said car against said other car with too great force, with *knowledge or notice* [Italics are ours] that plaintiff was between said cars and in great danger from said car being propelled against said other car with such force.' The averment in this count in the alternative 'with knowledge or notice' rendered it bad as counting on wantonness." The following quotation was adopted and followed in *Gray's Case,* 154 Ala. 200, 45 South. 299: "Inextricable confusion of issues would result from the blending in one count of a number of distinct breaches of duty as independent grounds of recovery, to be chosen from and relied on at the election of the plaintiff." In the case of *L. & N. R. R. Co. v. Duncan & Orr,* 137 Ala. 454, 34 South. 990, it is said that: "We are of opinion that the complaint does not state any cause of action. Its alternative averment of the existence of one, or, if not that one, then the other, and vice versa of two entirely distinct and different causes of action against the defendant in distinct and different capacities, is not the affirmative averment of either of the causes of action referred to; and it cannot be said to

aver any cause of action whatever.—*Southern Railway
Co. v. Bunt*, 131 Ala. 591 [32 South. 507]; *Central of
Georgia Railway Co. v. Freeman*, 134 Ala. 354, 32
South. 778; *Tinney v. Central of Georgia Ry. Co.*, 129
Ala. 523 [30 South. 623]; *Southern Railway Co. v.
Shelton*, 136 Ala. 191 [34 South. 194]. No cause of ac-
tion being averred, the judgment must be reversed.—
Code, § 3333."

In the case of *Porter v. Hermann*, 8 Cal. 619, 623, 624,
Field, C. J., later Justice of the Supreme Court of the
United Staes, said: "The allegation of the complaint
is that the money was 'collected and received by the de-
fendant as the agent, or attorney in fact, of the plain-
tiff.' This is, in substance, an allegation that the de-
fendant collected the money as agent, or, if he did not
collect it as agent, then he collected it as attorney in
fact. If the defendant can be charged in this alterna-
tive form, he may with the same propriety be charged
in the disjunctive form with the collection of the money
in every character and capacity specified, thus: That
the defendant was in possession of the money collected
and received by him as the attorney or factor, or broker,
or agent, or clerk of the plaintiff, or in some other
fiduciary capacity. Under no system of pleading would
such alternative or disjunctive allegations be permitted.
Stephen, in his Treatise on Pleading, lays down as rules
that: 'Pleadings must not be insensible, nor repugnant,
nor ambiguous, nor doubtful in meaning, nor argumen-
tative, nor in the alternative, nor by way of recital, but
must be positive in their form.'—Pages 377, 388. Van
Santvoord, in his Treatise on Pleading, under the Code
of New York, says: "It was also and still is a rule that
pleadings must not be either alternative or hypotheti-
cal, as where it was charged that the defendant wrote
and published, or caused to be written and published,

a certain libel. This was held bad for uncertainty.'—Page 200."

Mr. Gould (Pleading, p. 14) says that: "Pleading is, practically, nothing more than affirming or denying in a formal and orderly manner, those facts which constitute the ground of the plaintiff's demand and of the defendant's defense. Pleading, therefore, consists merely in alleging matter of fact, or in denying what is alleged as such by the adverse party. But in the theory or science of pleading the averment of facts on either side always presupposes some principle, or rule of law, applicable to the facts alleged, and which, when taken in connection with those facts, is claimed by the party pleading them to operate in his own favor; for all rights of action, and all special defenses, result from matter of fact and matter of law combined. And hence in every declaration, and in all special pleading, some legal proposition (i. e., some proposition consisting of matter of law), though not in general expressed in terms by the pleader (because the court is supposed judicially to know it), is always and necessarily implied, or, to use the language of grammarians, understood."

These fundamental rules of pleading find application when applied to counts 4, 7, and 8 of this complaint, and the objection was taken by appropriate special demurrer. Each count of this complaint is very indefinite, uncertain, on account of the alternative and disjunctive averments. It is uncertain whether the plaintiff was a passenger, or entitled to the care and protection of a passenger, or whether a trespasser or a licensee. It is uncertain whether she was at the station as a passenger, or whether she was only near there with the intention of later becoming a passenger, or, if near the station with such intention, how near or how far. It is

also uncertain whether she was on the track when injured, or when the wrongs complained of were committed, or was only near the track, and, if only near, how near or how far therefrom. It is likewise uncertain whether she was near enough the track to be struck by the car, or whether only near enough to be frightened and caused to fall. The rights of passengers and the rights of trespassers, as against common carriers, are not the same, but quite different. The duties and liabilities of common carriers to passengers and those to trespassers are likewise very different. Again, the rights and duties of persons rightfully on a railroad track are different from the rights and duties of those wrongfully thereon and who are thereby trespassers; and the duties and liabilities of the railroad company are likewise different as to each class.

All persons have the right to cross a railroad track, but they have no right to loiter thereon, nor use the track as a passway longitudinally, unless the track is laid at grade, so as to form a part of the public highway. So the duties and liabilities of railroad companies are different as to those who are rightfully crossing its track and to those who are wrongfully walking along it, or even loitering on or wrongfully using it at a public crossing.

These principles of law have been so frequently announced by this court that it is useless to cite the cases.

So many material allegations in counts 4 and 8 are alleged in the alternative or by disjunctive averments—and some of the alternatives not stating good causes of action—that it renders them subject to the demurrer interposed. The rule in this state on this subject is well expressed as follows: "The count being in the alternative, and in this way attempting to present two causes of action in the same count, it is the well established

rule that both alternatives must present a cause of action, or the count will be held to be bad. In other words, in such case the count can be no stronger than its weakest alternative, and, if one of the alternatives fails to present a cause of action, the count will be held to be bad.—4 Ency. Pl. & Pr. 620; *Central of Ga. Ry. Co. v. Freeman,* 134 Ala. 354, 32 South. 778." *Sloss-Sheffield Steel & Iron Co. v. Sharp,* 156 Ala. 288, 47 South. 280.

One of these alternatives of count 4 would make this case only that plaintiff was near defendant's station for the purpose of taking passage on one of its cars, and was run into by one of its cars. This, it will be seen, in no wise negatives the fact that plaintiff was a trespasser on the track, and alleges only simple negligence, as for the violation of a municipal ordinance. There is no attempt to allege that plaintiff in this case was crossing the track, or that she was in a public highway; but for aught that appears she was walking along, or loitering upon, the defendant's track, or attempted to board the car while the same was in motion at this high rate of speed, in violation of the ordinance. Construing the count against the pleader, as we must do, it shows that plaintiff was a trespasser, and therefore does not state a good cause of action.—*Chewning's Case,* 93 Ala. 27, 9 South. 458.

One of the alternatives of the eighth count would make this case only that plaintiff was near East Brighton station, and near defendant's car track, and that defendant's car was negligently run close to her, and caused her to fall into a ditch or culvert. It therefore wholly fails to show any breach of duty owing the plaintiff. While it is alleged in this count that "the point at which plaintiff was injured was where a public thoroughfare or street or other crossing crossed said track," it is not alleged that plaintiff was rightfully

there—that is, that she was traveling the street or thoroughfare and was crossing the track—but the count affirmatively alleges that she was "standing at this crossing."

While a pedestrian has the right to cross a railroad track at a public crossing, he has no right to stand upon or obstruct it or to loiter there. In *Mizzell's Case,* 132 Ala. 506, 31 South. 86, the plaintiff was struck by the tender of a backing engine going at the rate of 25 miles per hour, and was so struck while he was walking along the side of the track, as he testified, at a road crossing; yet the court held that, in the absence of wantonness, willfulness, or subsequent negligence there was no liability, although he was on the crossing. In that case the court, by McClellan, C. J., said: "It is settled in this state that persons have the right to cross a railroad track, at least when it is not fenced, wherever they have occasion to be beyond it. Of course, the duty of exercising care must be observed. But no person has a right to use the track of a railroad as a road or path, and if a person is injured by a passing engine or train while walking on the track, or on the ends of the crossties by the side of the track, he cannot recover damages therefor, unless the trainmen willfully or wantonly ran against him, or unless they failed to exercise due care to avoid striking him after they became aware of his peril, and such failure contributed to the injury."

If the count could otherwise be justified on the ground that plaintiff was in or traveling along a public street or thoroughfare, it would be rendered bad by the use of the last alternative—"or other crossing." In other words, it is possible that, if plaintiff was in a public highway, she might not be a trespasser, but if she was in a way, running along and across the car track, which was not public and was used only by trespassers, no

matter how often or how frequently, she would still be a trespasser. The error in pleadings of using a general or comprehensive term in the alternative, preceded by the phrase "or other," was at an early date pointed out by this court, even where the very words of the statute were used. In *Raiford's Case,* 7 Port. 104, the statute "prohibited the sale, in quantities less than a quart, of rum, brandy, whisky, tafia, or *other spirituous liquor."* Raiford was indicted for selling *"spirituous liquors"* without specifying the kind of liquor. This court held the indictment bad. "In pleading it is not enough to aver the existence of such *other acts or means* in the language of the statute; but the pleader must, in addition to the statutory, generic phrase, specify the acts or means under a videlicet. Example : Under our former statute against retailing, if the pleader wished to proceed for the sale of ardent spirits other than "rum, brandy, whisky, or tafia'—these being all the kinds specified in the statute—he should have averred that the defendant sold spirituous liquors, to wit, gin, etc., or words of similar import." *Johnson v. State,* 32 Ala. 585. In the case just quoted from the defendant was indicted for obstructing a public road "by a fence bar, or other impediment." The court held that the use of the phrase "or other impediment," though it was the exact language used in the statute, was bad, notwithstanding the statute expressly allowed alternative averments as to the means by which an offense was committed.

The use of the word "near," as related to dangerous agencies, has been several times considered by this court. It has been held to be bad as an alternative, when used alone with "at," "on," or "under" a dangerous agency, such as a falling roof or wall or falling rocks, etc.; but if accompanied with the qualifying word "dangerously"

or "negligently," with averments of knowledge of the danger, on account of the proximity, it has been held to be good. See *Simmerman's Case,* 170 Ala. 553, 54 South. 426; *Merriweather's Case,* 161 Ala. 441, 49 South. 916; *Mills' Case,* 149 Ala. 474, 42 South. 1019; *Black's Case,* 178 Ala. 531, 59 South. 497. The correctness of these rulings is, we think, well illustrated by this case. "On" a railroad crossing is, of course, a dangerous place; but "at" or "near" such crossing or track is not necessarily dangerous. It all depends upon how near the track one is, as to whether he is within the zone of danger or that of safety. A point one foot from a railroad track or from a public street which crosses the track may be said to be either "at" or "near" the crossing. A point 50 feet from the railroad track or from the public street would likewise be at or near, or certainly near, the crossing, yet one would be dangerously near a passing car, while the other would not be. A person in 1 foot of a car track is within the danger zone of passing cars, while one 50 feet from the track is not, but is within the safety zone. To say that a person is "at or near" a railroad station or "at or near" its track, without more, does not show that such person is within the danger zone of passing trains, or that those in charge of passing trains or cars owe him any duty.

An examination of the evidence makes it quite obvious why the pleader in this case resorted to the general alternative in averments as to the position and location of plaintiff, relative to the track and station of the defendant, when injured. It was to avoid a probable variance between the allegations and the proof. This should have been done by alleging the different positions in different counts, and not by alleging them in general, indefinite, and uncertain alternatives and dis-

junctive averments in the same count. The rules of law and pleading as to certainty are intended to prevent this very practice resorted to in this case.

The seventh count was treated by the pleader and by the trial court as stating a cause of action as for wantonness. Its sufficiency as a count of this character was properly tested by appropriate demurrer, and sustained by the trial court. In this ruling there was manifest error. The count is not good as a wanton count under the rules laid down by this court, in that it does not show, except as by a mere conclusion of the pleader, that the plaintiff was in a position of peril, or that the motorman knew of her peril. The facts upon which the conclusion is based are set out, and they do not support the conclusion of the pleader. As before stated, a person near a street car station or track is in a perilous situation or not, according to his proximity to the track, and according to whether he sees, or can see, approaching or passing cars. This doctrine was early announced by this court in *Tanner's Case*, 60 Ala. 621, 642, and has been many times followed. In that case Mr. Tanner was riding along the track. The court said: "Unlike animals, often found on railroad tracks, Mr. Tanner was an intelligent human being, knew the speed and momentum of railroad trains, and should have got off the track. Doubtless he intended to do so. He possibly miscalculated his ability to reach the crossing just ahead of him. The persons in charge of the train, perceiving by his movements that Mr. Tanner knew of their approach, were justified in supposing he would leave the track before they would come up with him. The testimony, in which there is no material conflict on this question, shows that there were points at which he could have done so with safety. The law does not require that trains shall be stopped, or checked up, when

persons of discreet years are seen on the track, unless, from their position or movements, or other cause, it can be inferred that they are not apprised of the approaching danger, or, from some other cause, they are unable to leave the track. Such requirements of railroads would greatly impede their business, and would do them a great wrong." The rule is different, of course, as to infants of tender years and as to persons who are disabled by infirmity from getting out of the way, or who are unconscious of their danger; but neither of those cases is before us, and we are not attempting to state the law in such cases.

Counts somewhat similar to the one now under consideration were considered and passed upon in the following cases, and in each case held not to state a cause of action as for wantonness: *Martin's Case,* 163 Ala. 215, 218, 50 South. 897; *Brown's Case,* 121 Ala. 221; *Mitchell's Case,* 134 Ala. 261, 32 South. 735; *Haley's Case,* 113 Ala. 640, 21 South. 357; *Stewart v. Southern Ry. Co.,* 179 Ala. 304, 60 South. 927; *Anchors' Case,* 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116, which reviews the cases up to that time. This count does not allege that the injury was willfully or wantonly inflicted, as it might have done, but it attempts to set forth the facts upon which the wantonness is based, and the facts alleged do not show wanton or willful injury. Everything alleged show, at best, only simple negligence. You cannot change a given fact by calling it harsh names or by gratuitously adding violent expletives or epithets to its real name. While we cannot look to the evidence for the purpose of construing the pleadings, yet as these three counts were held good by the trial court, and because of the generality and alternative and disjunctive averments of these counts, the floodgates were opened as to the admission of the evidence,

and all of the evidence, even that of the plaintiff alone, shows that, if plaintiff had been required to state her cause of action as for wantonness with reasonable certainty, there would have been a variance. On account of the uncertain, alternative, and disjunctive averments in the complaint, there was no variance, because there was evidence tending to support some one or more of these various alternatives, although the particular alternative averment was not good.

It therefore follows that the trial court erred in overruling the demurrers as to each of these three counts; and for this error the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, McCLELLAN, SOMERVILLE, and DE GRAFFENRIED, JJ., concur. DOWDELL, C. J., dissents as to counts 4 and 7.