[Sloss-Sheffield S. & I. Co. v. Pilgrim.]

# Sloss-Sheffield S. & I. Co. v. Pilgrim.

### Injury to Servant.

(Decided November 4, 1915.   70 South. 301.)

1. **Pleading; Alternative Allegation.**—While it is not permissible to· allege in one count a cause of action under one subdivision of the Employer's Liability Act, and then in the alternative allege in the same count a cause of action under another subdivision, it is permissible to allege in the alternative a different description of the same cause of action; in this case counts 2 and 3 allege the same cause of action separately in each count, but describe in the alternative separate defects, or separate acts of superintendence.

2. **Same.**—Where a cause of action is alleged in the alternative, each alternative must state a good cause of action.

3. **Master and Servant; Injury to Servant; Alternative Allegation.**— Where the action was by the servant for injuries while in the employment of the master, and the cause of action was stated in alternatives, and each alternative stated a good cause of action, proof of either alternative will authorize a recovery.

4. **Same; Failure to Warn.**—Where the action was by an employee injured for failure to warn while on a scaffold assisting in hoisting a heavy pot by means of chains attached to the pot by hooks, a count alleging that the employers' superintendent negligently failed to warn plaintiff of the danger from the weak scaffold or a defective hook, or a defective hoisting apparatus, was sufficient, although it did not allege that the superintendent knew of the weak or defective condition of the scaffold, hook, or hoisting apparatus.

5. **Same; Defect in Plant.**—Where it appeared that plaintiff was working for defendant under a superintendent by whose directions he went on the scaffold for the purpose of hoisting the pot by means of a chain attached to the pot by hooks caught into eyes on the side of the pot, and was injured by the breaking of one of the hooks, and the hook was attached to the pot under the same superintendent, and the hook was too large to go into the eye of the pot up to the bottom of the curve of the hook so that only the point of the hook was put into the eye, and it appeared that a (hook thus fastened would be more likely to break, such hook was a part of the plant, and its inadequacy or inadaptability to the end for which it was employed was a defect in the condition of defendant's plant; hence, a charge to find for defendant as to the counts alleging defects in the ways, works, etc., was properly denied.

6. **Same; Negligence of Superintendent.**—In such case the fact that the hook was too large to go into the eye of the pot was a patent defect easily discoverable by the superintendent, and defendant was properly denied affirmative instructions as to counts alleging negligence on the part of the superintendent.

7. **Same; Unsafe Place to Work; Common Law Duties.**—In this case the defect in the hook was not a breach of the employer's common law duty to

furnish plaintiff a reasonably safe place in which to work, since the hoisting apparatus was merely an appliance or instrumentality by which the work was to be done, and defendant was entitled to affirmative instructions as to counts predicated upon the common law duty of the master to furnish the servant with a reasonably safe place.

8. **Same; Ways, Works, Machinery, etc.**—The terms, "ways, works, machinery or plant" as used in the Employer's Liability Act, have a broader significance than the term "place" as employed in the statement of the employer's common law duty to furnish employees a reasonably safe place in which to work, and such terms may include an apparatus used in hoisting a heavy pot which was not a part of the place of work, but an appliance or instrumentality.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Rader Pilgrim, a minor, against the Sloss-Sheffield Steel & Iron Company, for damages for injuries suffered while in its employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, L. C. LEDBETTER, and E. CRAMPTON HARRIS, for appellant. GASTON & PETTUS, for appellee.

THOMAS, J.—The case went to the jury on the first, second, and third counts and on the fifth count as amended, the court having sustained appellant's demurrer to the sixth, seventh, and eighth counts, and having given at appellant's request the general affirmative charge as to the fourth count.

(1-3) The only errors assigned that are insisted upon in brief relate to the action of the court in overruling demurrers to the said second and third counts, and to its refusal to give certain written instructions requested by appellant; those assignments that are based upon the action of the court in overruling defendant's demurrer to the fifth count as amended being waived by a failure to insist upon them, and therefore not being considered.

The said second count was predicated on subdivision 1 of section 3910 of the Code (the employers' liability statute), and, after alleging the relationship of employer and employee, and that plaintiff was injured while engaged in the discharge of the duties of his employment, averred that: Said injuries (quoting) "were the proximate consequence and caused by reason of a defect in the condition of the ways, works, machinery, or plant used in connection with the business of the defendant, which

said defect arose from or had not been discovered or remedied owing to the negligence of the defendant, or of some person in the service or employment of defendant, and intrusted by it with the duty of seeing that its ways, works, machinery, or plant were in proper condition, which said defect consisted in this, namely: A certain hook was too weak to support a hot pot, or a part thereof; or a certain hook so used to support such hot pot or a part thereof was defective; or the scaffolding used to support or hold a certain hot pot or part thereof was weak; or the scaffolding used to support or hold a certain hot pot or part thereof was defective."

The said third count was predicated on subdivision 2 of said section 3910 of the Code, and alleged, so far as is material to the consideration here, that: Plaintiff's injuries (quoting) "were the proximate consequence and caused by reason of the negligence of a certain person, namely, one Fleming, who was in the service or employment of defendant, who had superintendence intrusted to him, and whilst in the exercise of such superintendence, which said negligence of said superintendent consisted in this, namely: Said superintendent negligently permitted or allowed a hoisting apparatus used for the purpose of raising a hot pot, or part thereof, to be and remain in too weak a condition to hold said hot pot or part thereof; or said person negligently permitted or allowed a certain hook in defendant's said business to be and remain in a defective condition; or said person negligently permitted or allowed a hot part, or part theerof, to be raised, or attempted to be raised, with a hook which was too weak to hold the same; or said person negligently failed to warn plaintiff of the danger from said weak scaffold, or defective hook, or weak or defective hoisting apparatus; or said person negligently permitted or allowed the plaintiff to be placed at work near or adjacent to said weak hoisting apparatus, or weak or defective hook or scaffold; or said person negligently permitted a weak or defective scaffold or scaffolding to be used for the purpose of lifting a certain hot pot or part thereof; or said person negligently failed to furnish plaintiff a reasonably safe and suitable place in which to work."

The demurrer separately and severally filed to each of these two counts raises the point that their allegations are to indefinite and uncertain to constitute either a good count, in that the averments of the one as to the particular defect in the ways, works,

[Sloss-Sheffield S. & I. Co. v. Pilgrim.]

machinery, or plant of defendant which is alleged to have caused plaintiff's injury are in the alternative, and the averments of the other as to the acts of negligence on the·part of defendant's superintendent which is alleged to have caused plaintiff's injury are also in the alternative, rendering each count, it is insisted, indefinite and uncertain as to the cause of the injury that is relied on for recovery.

In answer to this contention, we quote as follows from a recent decision of our Supreme Court (*Birmingham Railway, L. & P. Co. v. Nicholas,* 181 Ala. 491, 61 South. 361), as decisive of the question, to-wit: "At common law alternative averments were not allowed in civil or criminal cases, and some courts held the error was not cured by a verdict. But a different rule has long prevailed in this state; in fact, we have a statute expressly allowing certain alternative averments in indictments.—Cr. Code, §§ 7149-7152. A similar rule of pleading in civil cases has been allowed, when each alternative of itself states a good cause of action or ground of defense; but·the rule has never been extended in this state so as to allow the statement of material allegations in the alternative which are inconsistent each with the other; that is, to allow one alternative to state one cause of action, and the other to state an entirely different cause of action."—*Birmingham Ry., L. & P. Co. v. Nicholas, supra; Sloss-Sheffield Steel & Iron Co. v. Smith,* 166 Ala. 444, 52 South. 38; *Merrill v. Sheffield Co.,* 169 Ala. 242, 53 South. 219.

For instance, it is not permissible to allege in one count of the complaint a cause of action under one subdivision of the employers' liability statute, and then in the alternative allege in the same count a cause of action under another subdivision of said statute (*Dusenberry's Case,* 94 Ala. 418, 10 South. 274; *Iron City Mining Co. v. Hughes,* 144 Ala. 608, 42 South. 39; *Clements v. A. G. S. R. R. Co.,* 127 Ala. 166, 28 South. 643; *L. & N. R. R. Co. v. Fitzgerald,* 161 Ala. 397, 49 South. 860) ; but it is permissible, as was here done, to allege in the alternative in the same count a different description of the same cause of action; that is, where the cause of action arises under subdivision 1 of the employers' liability statute, the plaintiff may in the same count disjunctively ascribe his injury to separate defects in the ways, works, machinery, or plant of defendant, or, where the cause of action arises under subdivision 2 of said statute, the plaintiff may in the same count allege·in the alternative as·responsible for his injury sepa-

rate acts of negligence on the part of defendant's superintendent, and so on. Of course, each alternative must state a good cause of action under the particular subdivision upon which it is grounded; and, when it so does, proof of either alternative will authorize a recovery.—*Birmingham Ry., L. & P. Co. v. Nicholas, supra; Mothershed's Case,* 97 Ala. 265, 12 South. 714; *McNamara v. Logan,* 100 Ala. 194, 14 South. 175; *Sloss-Sheffield Steel & Iron Co. v. Smith, supra.*

(4) There is no demurrer attempting to point out any defect in any of the alternatives alleged in either count, except as to the alternative in count 3, which alleges: "Or that said person [defendant's superintendent] negligently failed to warn plaintiff of the danger from said weak scaffold or defective hook, or weak or defective hoisting apparatus."

The fifth ground of the demurrer to the count containing this alternative raises the point that the count nowhere shows that defendant's said superintendent owed plaintiff the duty to warn him, in that it is argued the count nowhere shows that defendant's said superintendent had any knowledge of the weak or defective condition of said scaffold, hook, or hoisting apparatus, etc.

In the case of *Robinson Mining Co. v. Tolbert,* 132 Ala. 462, 31 South. 519, the exact point came under review before our Supreme Court, and was determined adversely to appellant's contention. The third count of the complaint in that case, to which demurrer was filed, was framed, like the count now under consideration, under the second subdivision of the employers' liability statute for injury caused by the negligence of a coemployee having superintendence intrusted to him. The averment of the court there was, like the averment of the count here, that the plaintiff suffered injury as "a proximate consequence of the negligence of a person [one Frierson] in the service or employment of defendant, and intrusted by defendant with superintendence, whilst in the exercise of such superintendence," which negligence, it was averred, consisted in this, namely, that "said person negligently failed to warn or notify plaintiff of the presence of a large quantity of a high explosive at or near the place where plaintiff was at work as aforesaid." The demurrer to the count there asserted that the count was defective in that it failed to allege that Frierson knew of the presence of the explosives; but in disposing of the contention the court held that plaintiff was not

bound to make such a specific allegation; that the general allegation of negligence was sufficient; but it was added that to support the count proof must, of course, be made either that defendant knew or that it was in position by the exercise of reasonable care and diligence to know of the presence of such explosives.— *Robinson Mining Co. v. Tolbert, supra.* See, also, *Little Cahaba Coal Co. v. Gilbert,* 178 Ala. 515, 59 South. 445, and *Republic Iron & Steel Co. v. Williams,* 168 Ala. 612, 53 South. 76, the latter case explaining the cases of *Horan v. Gray & Dudley Hdw. Co.,* 159 Ala. 159, 48 South. 1029, and *Tenn. Coal & Iron Co. v. Williamson,* 164 Ala. 54, 51 South. 144, cited us by appellant.

Mr. Elliott, as to the liability of employers for defects in machinery, lays down the rule as follows: "The general rule is that an employer is not liable to an employee for injury caused by latent defects in machinery. It is not to be understood, however, that the employer is not under duty to exercise ordinary care in causing reasonably careful and proper inspections to be made. If the defect is one which ordinarily careful inspection would reveal, it cannot be regarded as a latent defect within the rule which exonerates the master from liability in cases of injuries attributable to latent defects, but a defect which reasonably careful inspection will not reveal is a latent defect within the rule."—20 Am. & Eng. Ency. of Law (2d Ed.) 94 et seq.; *Robinson Mining Co. v. Tolbert, supra.*

It remains to consider only the refused charges.

(5-8) The defendant separately requested, which was refused, the affirmative charge, as to each of the counts numbered 1, 2, 3, and 5; it having been given as to count 4. The evidence for the plaintiff, so far as is material to the questions to be considered with respect to the charges mentioned, tended to show that at the time of the accident the plaintiff was in the employ of and engaged in work for the defendant under the superintendence of one Fleming, by whose direction plaintiff, who prior to the accident had been doing shoveling at defendant's plant, did at the time of the accident get up on a scaffold for the purpose of hoisting with others a hot pot, which weighed some six or seven tons, and was doing so by pulling on a chain block, the chain being attached to the hot pot by hooks that were caught into eyes on the side of the hot pot; that while plaintiff was so pulling with others on this chain one of the hooks so fastened to the hot pot broke, thereby releasing from the pot the chain to

which that particular hook was attached, which caused the chain to swing suddenly and strike plaintiff, knocking him off of the scaffold on which he was standing, and inflicting the injuries complained of. The evidence for the plaintiff further tended to show that the hook was attached to the pot under the superintendence of defendant's said superintendent, Fleming, who directed plaintiff to pull on the chain; that only the point of the hook had been put into the eye of the pot at the time plaintiff was directed to pull on the chain; that a hook, even a good hook, so fastened—that is, when not run into the eye up to the bottom of the curve of the hook—would be more likely to break, as is common knowledge, than when run in up to such bottom; and that the hook here in question was too large to go into the eye of the pot up to the bottom of the curve of the book, and consequently could not be caught in said eye except on its point. The hook was a part of the plant of the defendant, and its inadequacy or inadaptability to the end for which it was to be employed was a defect in the condition of defendant's plant (*Going v. Alabama S. & W. Co.*, 141 Ala. 548, 37 South. 784), well covered by the averments of count 1 and by some of the alternative averments of the second and third counts of the complaint; and the fact, if it be a fact, that it was too large to go into the eye of the pot, was a patent defect, easily discoverable by defendant's superintendent. We are not of opinion, therefore, that the court erred in refusing to defendant the affirmative charge as to counts 1, 2, and 3. Under the evidence for the plaintiff, if believed by the jury, the plaintiff was entitled to recover under either of the named counts; either under count 1, which charged a defect in the hoisting apparatus for the hot pot of which the hook was a part; or under count 2, which was more specific, and charged a defective condition of the hook; or under count 3, which charged negligence to defendant's superintendent with respect to the hook in numerous alternatives, one or more of which covered the case of negligence on his part as made by the evidence. We are of opinion, however, that the defendant was entitled to the general affirmative charge as to count 5, as amended, which was predicated upon the common-law duty of the master to furnish the servant a reasonably safe place in which to work. Such a count is not supported by proof merely of a defect in the tools or appliances used by the servant in carrying on his work. The only defect in defendant's plant here, as disclosed by the evidence,

was, as before seen, a defect in the hook of a hoisting apparatus, in that it (the hook) was too large to go into the eye of the hot pot up to the bottom of the curve of the hook. While such evidence might have sustained a count based on the common-law duty of the master to provide the servant with reasonably safe and suitable machinery or appliances (20 Am. & Eng. Ency. Law [2d Ed.] 71; *Smoot v. M. & M. Ry. Co.,* 67 Ala. 13), yet it is not sufficient to support a count founded on the common-law duty of the master to furnish the servant a reasonably safe place in which to work (20 Am. & Eng. Ency. Law [2d Ed.] 55; *Conrad v. Gray,* 109 Ala. 130, 19 South. 398; *Reeves v. Henderson-Boyd Lumber Co.,* 172 Ala. 526, 55 South. 191). The terms "ways, works, machinery or plant," as used in subdivision 1 of section 3910 (the employers' liability statute), upon which counts 1 and 2 of the complaint are predicated, have a broader significance than the term "place," as employed in the statement of the common-law duty of the master to furnish the servant a reasonably safe "place" in which to work, upon which count 5, of the complaint, as amended, is predicated. There may be, as we have in effect herein held, a defect in the "ways, works, machinery or plant," as those terms, as employed in said subdivision, are understood, and which include the hoisting apparatus here in question, together with its parts (*New Connellsville Co. v. Kilgore,* 162 Ala. 653, 50 South. 205; *Going v. Alabama S. & W. Co., supra;* 7 Mayf. Dig. 564, first column), and yet not be a defect in the "place" furnished the servant in which to work, since the hoisting apparatus was merely an appliance or instrumentality whereby the work was to be done in the place so furnished by the defendant (*Fink v. Slade,* 66 App. Div. 105, 72 N. Y. Supp. 821).

For the error of the court in refusing the affirmative charge requested by defendant as to count 5, as amended, the judgment is reversed, and the cause remanded.

Reversed and remanded.