# Green *v.* Casey.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Proof of assignment of note, by admissions of assignor.*—In a suit in equity to enforce a vendor's lien on land, the complainant claiming to be the assignee of the note given for the purchase-money, and making the assignor a party defendant, the assignment is sufficiently proved, as against the maker of the note, by a decree *pro confesso* against the assignor.

2. *When answer is not responsive ; burden of proof.*—When the bill seeks to enforce a vendor's lien on land for the unpaid purchase-money, as evidenced by the purchaser's note, an answer setting up an additional consideration for the note, and the failure thereof, is not responsive, and the burden of proving it rests on the respondent.

3. *Parol evidence ; when admissible to affect writing.*—The general principle, prevailing alike at law and in equity, is, that a contract or agreement reduced to writing, deliberately executed or accepted, and not bearing on its face any marks of incompleteness, is presumed to express the entire meaning, purpose, and contract of the parties, and parol evidence can not be received to add to, alter, or vary its terms ; and when a correction of it is sought in equity, on the ground that, by fraud, inadvertence, or mistake, it expresses either more or less than the parties intended, the mistake must be plainly alleged, and, if not admitted, must be established by convincing evidence.

4. *Error without injury in sustaining demurrer to cross-bill.*—When a cause is heard on pleadings and proof, and no evidence is offered to support the allegations of the cross-bill, the sustaining of a demurrer to it, even if erroneous, would be error without injury.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. N. S. GRAHAM.

JNO. M. CHILTON, for the appellant.

WM. H. BARNES & SON, *contra.*

BRICKELL, C. J.—The bill is filed for the purpose of enforcing the lien of a vendor on lands for the payment of the purchase-money. The purchase-money is secured by promissory note, which it is averred has been transferred by assignment to the complainant. The note is exhibited, and has an assignment in writing ; and the assignor is made a party defendant, submitting to a decree *pro confesso.* If the answer is

27

[Green v. Casey.]

to be regarded as putting in issue the fact of the transfer and assignment of the note, the admissions of the assignor, involved in the decree *pro confesso*, are sufficient to establish it. The assignment, on its face, purports to have been made for value; and the averment of the bill is, that it was founded on a valuable consideration. The decree *pro confesso* involves an admission of the truth of the recital in the assignment, and of the averment of the bill; and if this were a matter the maker of the note could litigate, the admission would prove the fact, in the absence of all countervailing evidence.—*Nix v. Winter*, 35 Ala. 309; *McLane v. Riddle*, 19 Ala. 180. Of course, if there was a claim in opposition to, or in priority of the assignment, there would be a necessity to establish the assignment by other evidence than the admissions of the assignor; and such admissions, made after the assignment, or after the accrual of the opposing right, would be inadmissible.

2. The answer, so far as it sets up an additional consideration for the note than that stated in the bill, and the failure of such consideration, is not responsive. It is introductive of new matter, and the burden of proving it, if material to the defense, rested upon the appellant, Green.—*Forrest v. Robinson*, 2 Ala. 215.

3. The cross-bill claims, first, a reformation of the deed conveying the lands, by incorporating therein a conveyance of an easement to overflow the lands of Gordon, and a warranty of the title to the easement; second, relief against the payment of the purchase-money, because the vendor was without right or title to the easement. The general principle, prevailing in courts of equity and courts of law, is, that contracts or agreements between parties, reduced to writing, deliberately executed or accepted, not bearing any evidence of incompleteness, are presumed to comprise the whole meaning, purposes, and contract of the parties. Parol evidence is not admissible, to add to, alter, or vary the terms of such a contract. But, in equity, if it appears that by fraud, or by inadvertence, or by mistake, as it is usually termed, the writing contains more or less than the parties intended; or that it varies from their intention, by expressing something materially different, a court of equity will rectify it, and conform it to the true agreement. In such cases, the mistake in the writing must be plainly averred in pleading, and, if not admitted, must be clearly made out by convincing evidence.—1 Story's Eq. § 152; 1 Brick. Digest, 685, § 664.

4. Whether the cross-bill is sufficient in its averments—whether it can be fairly collected from it that the parties intended an introduction into the deed of a grant or conveyance of the easement, a warranty of title to it, and that from inad-

[Wheless v. Rhodes.]

vertence or ignorance it was omitted—is not material. The cause was heard on pleadings and evidence, and there was no evidence offered to support the allegations of the bill. The dismissal of it was unavoidable; and if the chancellor erred in sustaining the demurrer to it, the decree of dismissal, right in itself, would be erroneous only because rendered for a wrong reason.

Affirmed.