Joyce, § 1048; *Reynolds v. Narragansett El. Co.*, 26 R. I. 457, 59 Atl. 393; 15 Cyc. pp. 477, 478. There occurs to us no reason why there should be an difference in the shifting of the burden in cases where the injury is suffered in a public way and where, under the conditions therefor before indicated, the injury is suffered on private premises served with electricity by means of wires and appliances furnished by the company. None was taken or regarded in the Alexander, Lawrence, and other cases cited or referred to above. The issues of fact, as upon the several counts (11, 12, 15, 16, 17, 18, 19, and 20) submitted to the jury, and on the plea of contributory negligence as last (after amendment) filed, were properly left to the jury's determination.

Count 11 was unobjectionable.

For the error occurring in admitting evidence by Zell of the report and finding of Watford, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.

# Thomas *v.* Irvine.

*Assumpsit.*

(Decided Feb. 2, 1911. Rehearing denied May 5, 1911.
55 South. 109.)

1. *Sales; Warranty; Breach; Fraudulent Misrepresentation; Pleading.*—In attempting to set up a set off to plaintiff's claim, damages because of the unsoundness of a mule sold by plaintiff to the defendant, a plea averring the unsoundness at the time of the trade, and that such fact was either known to plaintiff, or could have been known with the exercise of ordinary care, was insufficient to allege a warranty, and its breach, or fraudulent misrepresentation in the sale.

[Thomas v. Irvine.]

2. *Pleading; Conclusion.*—An allegation that a written contract was entered into between plaintiff and defendant for the sale of a mule, and that said contract embodied all the agreements for the sale of the mule, and that said contract embodied all the agreements of parties, and that there was no guarantee of soundness of any kind set out in such written contract, were but the statements of the pleader's conclusions, and the pleading was demurrable for a failure to set out the terms of the contract.

3. *Evidence; Parol to Vary Writing.*—Written contracts not bearing any evidence of incompleteness are presumed to comprise the whole contract between the parties, and, as a rule, parol evidence is not admissible to add to, alter, or vary their terms.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Frank Irvine against J. B. Thomas in assumpsit on the common counts. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The third plea is as follows: "Comes the defendant, and pleads, by way of set-off to said complaint exhibited against him, that the plaintiff is indebted to him in the sum of $150, for that on or about the 9th day of January, 1909, the plaintiff sold, bargained, or exchanged with defendant one certain mule, which he then and there alleged to be sound; but defendant alleges that the said mule was not sound, but was at the time diseased and unsound, and within a short time after the sale or exchange died of such disease, the exact nature of which is unknown to the defendant, to the damage of defendant $150, which he offers to set off against the plaintiff's demand." Plea 2 alleges a verbal warranty of soundness, and that the mule was not sound, but subject to periodic and violent attacks of colic, from which he died.

The first replication to pleas 2 and 3 is as follows: "Plaintiff says that at the time the said mule was sold or bargained to the defendant, and on, to wit, the 9th day of January, 1909, a written contract of sale was made and entered into by and between plaintiff and defendant, and that said contract embodied all the agree-

ments between the parties, and there was no guaranty of soundness of any kind set out in said written agreement." Replication 2 to pleas 2 and 3: "Plaintiff says: That at the time of the sale, barter, or exchange of said mule, or the team of mules of which the mule in question was one, the plaintiff executed to the defendant the following contract in writing: "This is to certify that I have this day sold to J. B. Thomas two mules, about 11 or 12 years old, the consideration being the transfer of title to me of one bay and one brown mare, and the payment to me of $25 by J. B. Thomas. I hereby certify that there is no lien or debt due to any one on the above-mentioned mules, and they are my property. Florence, Ala., Jan. 9, 1909. [Signed] F. W. Irvine.' That said written agreement constituted all the agreements made by the plaintiff."

The defendant offered to prove by himself verbal representations made or guaranty of soundness alleged to have been made by the plaintiff to the defendant relative to the mules, which the court refused to let him do; it appeared that a contract similar to the one set up in the replication was made and executed to Irvine by Thomas relative to the mares.

PAUL HODGES, for appellant. When goods are sold for a particular purpose there is an implied warranty that they are fit for such purposes.—*Snow v. Mfg. Co.,* 69 Ala. 111. Concealment under some circumstances is quite as potent in inducing a belief in fraud as actual misrepresentation.—*Barnett v. Stanton,* 2 Ala. 181; *Mc-Caa v. Elam Drug Co.* 21 South. 481; 10 A. & E. Enc. of Law. It was for the jury to say whether the conduct of the plaintiff was such as to authorize damages for breach of warranty.—4 A. & E. Enc. of Law, 30. The court erred in sustaining demurrers to pleas 2 and 3.—*Parker*

[Thomas v. Irvine.]

*v. McFerrin*, 15 South. 518; *Thompson v. Harvey*, 86 Ala. 519. When a portion of a written contract rests in parol, evidence may be given thereof, provided it does not contradict or vary the writing.—1 Port. 359; 30 Ala. 432; 20 South. 624. So, a separate collateral agreement not inconsistent with a written agreement may be shown by parol.—*Huckabee's case*, 75 Ala. 342; *Powell v. Thompson*, 80 Ala. 51; *Whaley v. Reese*, 128 Ala. 500. The court erred in not sustaining demurrers to the replication as it failed to set out the terms of the contract.— *Parker v. McFerrin, supra; McCaa v. Elam D. Co. supra; Percy v. Johnson*, 59 Ala. 652.

C. E. JORDAN, for appellee. The contract in this case bears no evidence of incompleteness, and hence, could not be altered, added to or varied by parol evidence.— *Green v. Casey*, 70 Ala. 417; *Crescent B. Co. v. Handley*, 90 Ala. 486; 21 A. & E. Enc. of Law, 1090. Counsel discuss the other assignments of error, but without citation of authority.

DOWDELL, C. J.—The first assignment of error relates to the action of the court in sustaining a demurrer to defendant's fourth plea. This plea is an attempt to set up, as a set-off to plaintiff's claim, damages because of the unsoundness of a mule sold to defendant by plaintiff, without averring any warranty of soundness, or of fraud practiced in the sale. The plea avers the unsoundness at the time of the trade, and then avers: "Which fact was either known to plaintiff, or could have been known with the exercise of ordinary care." Such an averment falls far short of alleging a warranty, and its breach, or alleging fraudulent misrepresentations, in the sale. Apart from consideration of any other defects the plea may have possessed, it was bad in the respect noticed, and subject to the demurrer.

To the defendant's pleas 2 and 3, the plaintiff filed two replications. The defendant's demurrer to the first replication should have been sustained for the failure to set out the terms of the contract, at least in substance—a point taken by demurrer. The averment of this replication in reference to the contract was but a statement of the pleader's conclusion. The second replication set out the contract, which was in writing, and it is averred that the "written agreement constituted all the agreements made by the plaintiff." The demurrer to this replication was properly overruled. It is insisted that the damages claimed as a set-off in the third plea, under the averments of the plea, arose out of a tort. The averment of the plea is: "The plaintiff sold, bartered, or exchanged with defendant one certain mule, which he then and there alleged to be sound; but defendant alleges that the said mule was not sound, but was at the time diseased and unsound," etc. It is not pretended that the plaintiff's *allegation* of soundness of the mule was falsely or fraudulently made. The trial court evidently construed the plea as averring a warranty, and this is the most favorable construction that can be given it in favor of the pleader. The plea was not demurred to.

The contract set out in the replication is complete in itself. The general principle prevailing in courts of equity and courts of law, is that contracts or agreements between parties, reduced to writing, deliberately executed or accepted, not bearing any evidence of incompleteness, are presumed to comprise the whole meaning, purposes, and contract of the parties. Parol evidence is not admissible to add to, alter, or vary the terms of such a contract.—*Green v. Casey*, 70 Ala. 417; *Crescent Brewing Co. v. Handley*, 90 Ala. 486, 7 South. 912; Am. & Eng. Encyc. of Law, vol. 21, p. 1090. The court committed no error in excluding, on motion of the plaintiff

[Miller, Treasurer, v. Griffith.]

parol evidence offered by defendant tending to show a
verbal warranty, and thereby altering the written con-
tract between the parties, nor in instructing a verdict
for the plaintiff, as the account sued on was admitted
by the defendant to be correct.

For the error in overruling the demurrer to the first
replication, the judgment is reversed.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.


# Miller, Treasurer, *v.* Griffith.

*Motion for Summary Judgment.*

(Decided Jan. 11. 1911. 54 South. 650.)

1. *Statutes; Local Acts; Notice.*—Local Act 1907, page 628, is not
violative of section 106, Constitution 1901, as the notice thereof con-
tained a copy of the entire act, notwithstanding it did not contain
the substance of any acts intended to be repealed or modified there-
by.

2. *Same; Local Law.*—Local Acts 1907. p. 628, was intended as. a
revision of the entire law in regard to Bailiffs of the City Court of
Birmingham.

3. *Same; Officers; Compensation.*—Local Acts 1907, p. 628, is not
violative of section 104, Constitution 1901, as said section refers only
to changing the compensation of officers during their term of office.

4. *Same; Amendment; Setting Forth Provisions.*—Section 45, Con-
stitution 1901. reaches only those cases where the act is strictly
amendatory or revisory in character; if a law is in itself complete,
intelligible and original in form, it does not fall within this section
of the constitution.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Motion by C. A. Griffith against H. C. Miller as treas-
urer of Jefferson county, for a summary judgment un-
der section 5938, Code 1907, for services as bailiff of the
city court of Birmingham.  From a judgment granting